# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>   Plaintiff,<br><br>vs.<br><br>G. GOMEZ, et al.,<br><br>   Defendants. | 1:17-cv-00294-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS SEEKING INJUNCTIVE RELIEF (ECF Nos. 10, 11, 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Christopher Dickson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court are Plaintiff's motions requesting preliminary injunctive relief, filed on July 26, 2017, August 7, 2017, and August 30, 2017. (ECF Nos. 10, 11, 12).

## I. Motions for Preliminary Injunction

### A. Legal Standard

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)); see also Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a

1

plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc). The party seeking the injunction bears the burden of proving these elements. Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

In addition, the Prison Litigation Reform Act ("PLRA") "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities." Miller v. French, 530 U.S. 327, 333 (2000). Under the PLRA, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2).

**B.     Analysis**

Plaintiff in this case is currently housed at the California Correctional Institution ("CCI") in Tehachapi, California. Each of the named Defendants in this action are correctional officers who are employed at the Kern Valley State Prison ("KVSP), in Delano, California, where the alleged events at issue in this case took place. (ECF No. 1.)

In his motion, Plaintiff alleges that he is experiencing harassment and retaliation at CCI, including that he is not receiving proper medical care, he is being taunted, and that his food and medication are sometimes placed out of his reach in an effort to harass him.

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Plaintiff's complaint has not yet been screened. No defendant has been ordered served

and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over any prison official, and it cannot issue an order requiring them to take any action.

More importantly, Plaintiff seeks preliminary injunctive relief against staff at CCI, but his complaint concerns past events at KVSP, where he was formerly housed. His claims in this action are not related to the request for injunctive relief. The Court would not have jurisdiction over CDCR or CCI prison officials generally merely based on the pendency of this action.

**II. Conclusion and Recommendations**

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunction relief (ECF Nos. 10, 11, 12) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 10, 2017__      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE