UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. GOMEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00294-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 26)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Introduction**

Plaintiff Christopher Dickson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 14, 2019, the Court ordered that this case proceed on Plaintiff's second amended complaint, filed on July 26, 2018, against Defendants G. Gomez, B. Rios, and D. Martinez for excessive force in violation of the Eighth Amendment, against Defendants S. Duncan and N. Esparza, for violation of Plaintiff's due process rights under the Fourteenth Amendment, and against Defendant Dr. Jeff Sao for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 23.)

Currently before the Court is Plaintiff's "motion requesting court order that CCI Tehachapi have Plaintiff's legal mail delivered to Plaintiff's cell and Plaintiff be given assistance to get to the

law library in order to litigate and prosecute this civil complaint or appointment of counsel[,]" filed on July 3, 2019. (ECF No. 26.) In his filing, Plaintiff asserts that he is still dealing with injuries sustained from the events at issue in this action and that he is unable to get from place to place without assistance of a cane or a wheelchair. Plaintiff further states that, on May 30, 2019, a nurse and five correctional officers at CCI came to his cell and confiscated his wood cane, his gel insoles, and his mobility vest. Then, after Plaintiff was issued another cane and mobility vest on June 6, 2019, his new cane and mobility vest were taken by custody/medical staff members on June 24, 2019. Plaintiff contends that, due to the fact that he does not have a cane or a wheelchair, the Court should either appoint counsel to represent him in this action or order CCI officials to deliver Plaintiff's legal mail to his cell and give Plaintiff assistance to getting to the law library, the showers, and/or phone calls.

The Court interprets Plaintiff's motion as a motion for appointment of counsel or, if the Court declines to appoint counsel, as a motion for a preliminary injunction.

**II.    Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

However, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant granting a request for voluntary assistance of counsel. Further, while the Court has ordered this case to proceed on the cognizable claims found in Plaintiff's second amended complaint, Plaintiff has failed to establish that he is likely to succeed on the merits of his claims. Finally, based on a review of the limited record in this case, it appears that the legal issues involved in this case are not particularly complex and that Plaintiff can adequately articulate his claims. Therefore, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Consequently, Plaintiff's request for the appointment of counsel is denied, without prejudice.

### III.     Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969; see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Further, in order for a court to have authority to grant the preliminary injunctive relief requested, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." Id.

In his motion, Plaintiff does not seek injunctive relief against a named defendant in this action. In this case, Plaintiff's motion for a preliminary injunction contends that, since medical and custody staff members employed at California Correctional Institution, have improperly confiscated Plaintiff's wood cane, his gel insoles, and his mobility vest and since he is unable to get from place to place without assistance of a cane or a wheelchair, the Court should order CCI officials to deliver Plaintiff's legal mail to his cell and give Plaintiff assistance to getting to the law library, the showers, and/or phone calls. However, Plaintiff's second amended complaint does not contain any claims against any medical and/or custody staff members employed at California Correctional Institution. Instead, Plaintiff's second amended complaint alleges cognizable claims for excessive force, violation of Plaintiff's due process rights in the prison disciplinary context, and deliberate indifference to serious medical needs against three correctional officers, two correctional lieutenants, and one physician, all of whom were employed at Kern Valley State Prison at the time the events at issue. (ECF No. 23.) Further, Plaintiff's motion for preliminary injunctive relief is not asking for relief of the same nature that it may ultimately be granted in this action. Instead,

Plaintiff is seeking to require prison employees at CCI to provide Plaintiff with specific services – a remedy that will not be provided if Plaintiff succeeds on the merits of his cognizable claims against the defendants employed at Kern Valley State Prison.

Therefore, Plaintiff has failed to demonstrate a relationship between the proposed preliminary injunction and the cognizable claims alleged in his Second Amended Complaint for the Court to have "authority to grant the relief requested." Pacific Radiation Oncology, LLC, 810 F.3d at 636. Consequently, the Court must deny Plaintiff's motion for a preliminary injunction.

**IV. Order and Recommendation**

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for appointment of counsel, (ECF No. 26), is DENIED without prejudice.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 26), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE