**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. GOMEZ, et al.<br><br>　　　　Defendants. | Case No.: 1:17-cv-00294-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br>(ECF No. 38)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 42)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Christopher Dickson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　Introduction**

This action currently proceeds on Plaintiff's second amended complaint for excessive force against Defendants Gomez, Rios, and Martinez, for violations of Plaintiff's due process rights against Defendants Duncan and Esparza, and for deliberate indifference to serious medical needs against Defendant Sao. (ECF No. 23.)

On September 10, 2019, Defendants Duncan, Esparza, Gomez, Martinez, Rios, and Sao filed an answer to Plaintiff's second amended complaint. (ECF No. 32.)

On October 10, 2019, the Court issued the discovery and scheduling order. (ECF No. 36.)

1

On December 3, 2019, Defendants Duncan, Esparza, Gomez, Martinez, Rios, and Sao filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 37.) Plaintiff's response to Defendants' summary judgment motion was due on or before December 27, 2019.

Also, on December 3, 2019, Defendants filed a motion for a protective order to stay all currently propounded and future discovery in this matter until the Court decides Defendants' motion for summary judgment. (ECF No. 38.) On December 23, 2019, Plaintiff filed his opposition to Defendants' motion for protective order. (ECF No. 43.) No reply has been filed, and the time in which to do so has lapsed.

On December 23, 2019, Plaintiff also filed a motion for an extension of time to file a response to Defendants' motion for summary judgment. (ECF No. 42.) On January 2, 2020, Defendants filed an opposition to Plaintiff's motion for an extension of time. (ECF No. 44.) Although Plaintiff has not had an opportunity to file a reply, the Court finds that a reply is unnecessary.

Therefore, both Defendants' motion for protective order and Plaintiff's motion for an extension of time to file a response to Defendants' motion for summary judgment are deemed submitted. Local Rule 230(l).

## II. Defendants' Motion for Protective Order

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (*per curiam*); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion-based summary judgment motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir.

2014) (*en banc*); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

Here, Defendants move for a protective order staying all discovery in this matter, including discovery that has already been propounded, until the Court rules on Defendants' pending motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 38.)

The failure to exhaust administrative remedies prior to filing suit is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines that Plaintiff's claims were unexhausted when Plaintiff filed suit. Albino, 747 F.3d at 1166. Thus, Defendants' pending exhaustion-based summary judgment motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that Plaintiff needs specific discovery to address the issues raised in Defendants' exhaustion-based summary judgment motion, then Plaintiff is entitled to obtain exhaustion-related discovery before having to file a response to Defendants' summary judgment motion. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003), overruled on other grounds by Albino, 747 F.3d at 1168-69.

Indeed, in his opposition, Plaintiff contends that Defendants' motion for protective order should be denied because he propounded discovery requests on November 4, 2019 in order to be able to defend his claims and complaint against summary judgment and he has not been provided with responses to that propounded discovery. (ECF No. 43.) The Court has reviewed the copies of the discovery requests that Plaintiff propounded on Defendants and provided to the Court as Exhibit A to Plaintiff's motion for an extension of time to file a response to Defendants' summary judgment motion. (ECF No. 42, Ex. A.) However, after reviewing Plaintiff's propounded discovery requests, the Court finds that Plaintiff's propounded discovery requests seek merits-based discovery, not exhaustion-related discovery. Therefore, since Defendants' summary judgment motion is directed solely to the issue of exhaustion and does not challenge the merits of Plaintiff's claims, Plaintiff's merits-based discovery is immaterial and irrelevant to the issue raised in Defendants' summary

judgment motion. Plaintiff will not suffer any actual prejudice if he is required to file a response to Defendants' summary judgment motion before he receives any responses to his merit-based discovery requests.

Additionally, proceeding with merits-based discovery regarding defendants and claims that may be disposed of by the pending exhaustion-based summary judgment will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. If Defendants do not prevail on their motion, in part or in total, Plaintiff will not be prejudiced by a modest delay in proceeding with merits-based discovery.

Therefore, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendants' motion for protective order, (ECF No. 38), is granted. All merits-based discovery is stayed until the Court rules on Defendants' pending motion for summary judgment for failure to exhaust administrative remedies.

### III. Plaintiff's Motion for Extension of Time

Plaintiff moves for an extension of time to file a response to Defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 42.) Plaintiff asserts that he needs additional time to file a response to Defendants' summary judgment motion because he has not yet received Defendants' responses to his propounded discovery requests, and he needs the discovery responses in order to prepare his response. (Id.) On the other hand, Defendants oppose Plaintiff's motion for an extension of time that would allow Plaintiff to not file a response to their pending motion for summary judgment until after Plaintiff receives Defendants' responses to Plaintiff's merits-based discovery requests. (ECF No. 44.) Defendants do not oppose a reasonable extension of time for Plaintiff to file a response to the pending summary judgment motion that is not based upon the receipt of any discovery responses from Defendants. (Id. at 1-2.)

Having considered Plaintiff's request for an extension of time, the Court finds that Plaintiff has not presented good cause for the requested extension of time. Fed. R. Civ. P. 6(b). As discussed above, since Defendants' summary judgment motion is directed solely to the issue of exhaustion and does not challenge the merits of Plaintiff's claims, Plaintiff's merits-based discovery is immaterial and irrelevant to the issue raised in Defendants' summary judgment motion. Therefore, Plaintiff does not

need to receive Defendants' responses to the propounded merits-based discovery before Plaintiff can file a response to the pending motion for summary judgment.

Nevertheless, in light of Plaintiff's *pro se* status and in order to allow Plaintiff time to receive the Court's order and file a response to Defendants' exhaustion-based summary judgment motion, the Court finds it appropriate to grant Plaintiff an extension of time. Therefore, Plaintiff's motion for an extension of time, (ECF No. 42), is granted. Plaintiff shall file a response to Defendants' pending motion for summary judgment for failure to exhaust administrative remedies within thirty (30) days after the service of this order.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for protective order, (ECF No. 38), is GRANTED;
2. All merits-based discovery is stayed until the Court rules on Defendants' pending motion for summary judgment for failure to exhaust administrative remedies;
3. Plaintiff's motion for extension of time to file response to Defendants' motion for summary judgment, (ECF No. 42), is GRANTED; and
4. Plaintiff is directed to file an opposition to Defendants' motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 37), within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **January 8, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE