UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON, | No. 1:17-cv-00294-DAD-BAM (PC) |
| Plaintiff, | |
| v. | <u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ADOPTING FINDINGS AND RECOMMENDATION</u> |
| G. GOMEZ, et al., | |
| Defendants. | (Doc. Nos. 26, 27, 29) |

Plaintiff Christopher Dickson is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 3, 2019, plaintiff filed a "motion requesting court order that CCI Tehachapi have plaintiff's legal mail delivered to plaintiff's cell and plaintiff be given assistance to get to the law library in order to litigate and prosecute this civil complaint or appointment of counsel." (Doc. No. 26.) The assigned magistrate judge interpreted plaintiff's motion as a motion for appointment of counsel or, if appointment of counsel was denied, a motion for preliminary injunction. (Doc. No. 27.) On July 16, 2019, the magistrate judge issued both an order denying, without prejudice, plaintiff's motion for appointment of counsel and findings and recommendations recommending that plaintiff's motion for preliminary injunction be denied.

(*Id.*)  The order and the findings and recommendation were served on plaintiff and contained notice that any objections to the findings and recommendation were to be filed within fourteen (14) days after service.  (*Id.* at 5.)

On August 2, 2019, plaintiff filed objections to the magistrate judge's findings and recommendation.  (Doc. No. 29.)  Because plaintiff objects to both the magistrate judge's order denying his motion for appointment of counsel and the findings and recommendation, the undersigned interprets plaintiff's objections as (1) a motion for the undersigned's reconsideration of the magistrate judge's denial of his motion for appointment of counsel, and (2) objections to the magistrate judge's findings and recommendation recommending that his motion for a preliminary injunction be denied.

**DISCUSSION**

**A.      Plaintiff's Motion for Reconsideration re Appointment of Counsel**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, the magistrate judge found that plaintiff had failed to meet his burden of demonstrating the existence of exceptional circumstances warranting the appointment of counsel on his behalf in this civil rights action.  (Doc. No. 27 at 2–3.)  As plaintiff was previously advised, "[t]here is no constitutional right to appointed counsel in a § 1983 action."  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  Nor can the court require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *See Mallard v. United States District Court for the*

2

*Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether such "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.*

Here, plaintiff has not met his burden in this regard. First, plaintiff has shown no error in the magistrate judge's determination that plaintiff failed to demonstrate likelihood of success on the merits of his cognizable claims. Second, plaintiff has not demonstrated an inability to articulate his claims pro se. Plaintiff contends that he needs an attorney because he is "unlettered and inexperience[d]" and he "cannot be possibly expected to meet the deadlines and adequately articulate the diffe[re]nt aspects and complexities of the case." (Doc. No. 29 at 2.) Plaintiff's apprehension with pursuing this case on his own is understandable, but it is insufficient grounds for reconsideration of the magistrate judge's order denying the appointment of counsel without prejudice. "While a pro se litigant may be setter served with the assistance of counsel," the court need not appoint counsel if plaintiff can articulate his claims. *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016). Here, the record reflects that the legal issues involved in this action are not complex and that plaintiff can adequately articulate his cognizable claims.

Lastly, plaintiff states that his circumstances are much more dire than the circumstances of most prisoners because, without a cane or wheelchair, he has no way of getting to the prison law library without assistance and he is unable to walk to the gym to pick up the legal mail sent to him by the court. (Doc. No. 29 at 3.) However, it is unclear how appointing counsel will remedy that situation, since plaintiff would presumably remain unable to get around without assistance.

Although the undersigned sympathizes with plaintiff, these circumstances do not warrant appointment of counsel. *See Palmer*, 560 F.3d at 970 (finding that plaintiff failed to demonstrate exceptional circumstances despite his contentions that "the pain from his surgery limited his ability to prepare for trial, and prison officials had denied him access to his legal documents, thereby limiting his ability to prepare for trial").

Accordingly, the undersigned will deny plaintiff's motion for reconsideration of the magistrate judge's denial, without prejudice, of his motion for appointment of counsel.[1]

**B.    The Findings and Recommendation Recommending Denial of Plaintiff's Motion for Preliminary Injunction are Adopted in Full**

Next, the undersigned considers the assigned magistrate judge's findings and recommendation recommending denial of plaintiff's motion for preliminary injunction. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendation to be supported by the record and proper analysis.

In his objections, plaintiff asserts that he will suffer irreparable harm if his motion for preliminary injunction is not granted because he will be unable to pick up his legal mail, go to the law library to research, make copies, and comply with the court ordered deadlines and, as a result, his action will be dismissed for failure to obey court orders. (Doc. No. 29 at 4–5.) Further, plaintiff argues that, while he is not seeking injunctive relief against a defendant specifically named in this action, his second amended complaint seeks relief against the California Department of Corrections and Rehabilitation, which includes the staff of every prison. (*Id.* at 6.)

"[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint" for a court to have authority to grant the preliminary injunctive relief requested. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant

---

[1] Of course, nothing in the magistrate judge's order or this order, prohibits plaintiff from securing counsel on his own, such as the attorney referenced in his objections. (*See* Doc. No. 29 at 3.)

4

'relief of the same character as that which may be granted finally.'" *Id.* (citation omitted).

Here, plaintiff's request for a preliminary injunction does not have a relationship to the cognizable claims alleged in his second amended complaint. Plaintiff's motion for preliminary injunction is based on allegations that medical and custody staff at the California Correctional Institution have improperly confiscated his cane, gel insoles, and mobility vest. In contrast, in his second amended complaint plaintiff alleges cognizable claims for excessive use of force, violation of his due process rights in the prison disciplinary context, and deliberate indifference to his serious medical needs. (Doc. No. 23.) The relief plaintiff seeks in his pending motion for a preliminary injunction—requiring prison officials at California Correctional Institution to deliver plaintiff's legal mail to his cell and provide him assistance getting to the prison law library, the showers, and/or phone calls—is different from the relief sought by him in his second amended complaint. (*See generally* Doc. No. 23.)

For these reasons, the undersigned adopts in full the magistrate judge's findings and recommendation recommending that plaintiff's motion for preliminary injunction be denied.

**CONCLUSION**

Accordingly:

1. Plaintiff's motion for reconsideration of magistrate judge's denial of his motion for appointment of counsel, (Doc. No. 29), is denied;

2. The findings and recommendation issued on July 16, 2019, (Doc. No. 27), are adopted in full;

3. Plaintiff's motion for preliminary injunction, (Doc. No. 26), is denied; and

4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 25, 2020**

UNITED STATES DISTRICT JUDGE