# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOMEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00294-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 49) |

Plaintiff Christopher Dickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Gomez, Rios, and Martinez for excessive force, against Defendants Duncan and Esparza for violations of Plaintiff's due process rights, and against Defendant Sao for deliberate indifference to serious medical needs.

On December 3, 2019, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to properly exhaust administrative remedies before filing this action against Defendants Duncan, Esparza, Gomez, Martinez, Rios, and Sao or for any claim against these Defendants, and that Plaintiff failed to identify all his medical claims and identify Defendant Sao within his inmate appeals. (ECF No. 37.) Pursuant to the Court's October 10, 2019 Discovery and Scheduling Order, the deadline for the completion of all discovery was set for June 10, 2020, and the deadline for filing all dispositive motions is August 20, 2020. (ECF No. 36.) The Court

1

has stayed all non-exhaustion discovery pending the disposition of Defendants' summary judgment motion. (ECF No. 45.)

On March 25, 2020, Defendants filed the instant motion to modify the Discovery and Scheduling Order to vacate the discovery and dispositive motion deadlines. (ECF No. 49.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendants state that good cause exists to modify the scheduling order because the pending motion for summary judgment will likely dispose of at least some of the Defendants and claims, if not the entire action. In the event the motion for summary judgment is denied in whole or part, Defendants will need to conduct discovery as to Plaintiff's claims. In addition, filing a motion for summary judgment on the merits of Plaintiff's action prior to the Court ruling on the pending motion for summary judgment as to exhaustion would needlessly force the parties and the Court to expend scarce resources addressing the claims on the merits. If some of the claims remain, a dispositive motion on the merits would be more streamlined. Extending the dispositive motion deadline also furthers the goal of deciding exhaustion before reaching the merits of the claims. Thus, Defendants request that the Court continue the discovery and dispositive motion deadlines until the Court rules on the pending motion for summary judgment based on exhaustion. (ECF No. 49.)

Having considered Defendants' moving papers, the Court finds good cause to continue the discovery and dispositive motion deadlines in this action. Defendants have been diligent in filing the pending summary judgment motion, and it would be a waste of the resources of the Court and the parties to require the filing of potentially unnecessary dispositive motions, or for the parties to conduct unnecessary discovery. Plaintiff will not be prejudiced by the relief requested, as the

Court will reset the applicable deadlines if necessary following a ruling on the pending motion.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 49), is HEREBY GRANTED. The discovery and dispositive motion deadlines are VACATED. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **March 26, 2020**　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE