# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON, | Case No. 1:17-cv-00294-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT |
| v. | (ECF No. 52) |
| GOMEZ, *et al.*, | |
| Defendants. | |

Plaintiff Christopher Dickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants Gomez, Rios, and Martinez for excessive force, against Defendants Duncan and Esparza for violations of Plaintiff's due process rights, and against Defendant Sao for deliberate indifference to serious medical needs.

On December 3, 2019, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust available administrative remedies prior to bringing this action. (ECF No. 37.)  On January 9, 2020, the Court stayed all merits-based discovery pending disposition of the motion for summary judgment.  (ECF No. 45.)  On March 26, 2020, the Court vacated the discovery and dispositive motion deadlines and ordered that the deadlines would be reset, as necessary and appropriate, following resolution of the motion for summary judgment. (ECF No. 51.)

1       Currently before the Court is Plaintiff's May 28, 2020 request for a possible settlement conference before discovery proceeds again after the Court rules on Defendants' pending motion for summary judgment. (ECF No. 52.) Defendants did not file a response, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

      In his motion, Plaintiff states that he has conferred with an attorney who wishes to represent Plaintiff in discovery and trial after the Court rules on the summary judgment motion. Plaintiff goes on to argue that he believes the Court will rule in his favor on the summary judgment motion, and based on the merits of the case, Defendants should settle. (ECF No. 52.)

      As Defendants did not respond to the motion, it is not clear to the Court whether Defendants are open to the idea of settlement in this action. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Nevertheless, without a clear indication from all parties to the action that they are at least willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time. The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

      Accordingly, Plaintiff's request for a settlement conference, (ECF No. 52), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 23, 2020**     /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE