# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>  Plaintiff,<br><br>  v.<br><br>GOMEZ, *et al.*,<br><br>  Defendants. | Case No. 1:17-cv-00294-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 68) |

Plaintiff Christopher Dickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Gomez, Rios, and Martinez for excessive force and against Defendants Duncan and Esparza for violations of Plaintiff's due process rights.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 16, 2021. (ECF No. 68.) In his motion, Plaintiff states that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, and he has no legal training. In addition, due to COVID-19, inmates are only allowed access to the library once a week and sometimes not at all. Plaintiff argues that the issues involved in this case are complex and will require significant research and investigation, deposition testimony, and a trial in this case will involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses. Plaintiff has witnesses that have been transferred to different prisons or

1

institutions that need to be interviewed and deposed. The case will be a credibility contest between the defendants and the Plaintiff. Plaintiff has been trying to locate an attorney to represent him but has had no success. Plaintiff specifically requests that the Court appoint Attorney Barth Daly to represent Plaintiff. (*Id.*)

Defendants have not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. Many of these prisoners also have cases involving credibility issues. These litigants also must conduct discovery and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although some of Plaintiff's claims survived Defendants' summary judgment motion on the issue of exhaustion, this does not mean he will

1  prevail on the merits of his claims.  Based on a review of the record in this case, the Court does
2  not find that Plaintiff cannot adequately articulate his claims.
3     As to Plaintiff's request that the Court appoint a specific attorney to represent him, the
4  Court is unable to do so.  Plaintiff is free to continue communicating with any potential attorneys
5  to see if they are willing to represent him in this matter.  Finally, the Court notes that if Plaintiff
6  continues to experience limited or no access to the law library at his institution, he should seek
7  appropriate extensions of time for any applicable deadlines.
8     Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 68), is HEREBY DENIED,
9  without prejudice.

IT IS SO ORDERED.

   Dated:  **April 19, 2021**             /s/ *Barbara A. McAuliffe*       _
                                          UNITED STATES MAGISTRATE JUDGE