# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>GOMEZ, *et al.*,<br><br>            Defendants. | Case No.  1:17-cv-00294-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 70) |

**I.     Procedural History**

Plaintiff Christopher Dickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Gomez, Rios, and Martinez for excessive force in violation of the Eighth Amendment and against Defendants Duncan and Esparza for violations of Plaintiff's Fourteenth Amendment due process rights.

On May 21, 2021, Plaintiff filed a motion for an order compelling discovery.  (ECF No. 70.)  Following a meet and confer regarding the discovery dispute, the parties filed a joint statement indicating that six discovery issues remained unresolved.  (ECF No. 72.)  The Court reinstated briefing on the motion to compel as to the remaining six issues.  (ECF No. 73.)  Defendants filed an opposition to the motion to compel, (ECF No. 74), and Plaintiff filed a reply, (ECF No. 78).  The motion is now fully briefed.  Local Rule 230(l).

1

## II.     Plaintiff's Motion to Compel

In the motion to compel, Plaintiff seeks further responses to Requests for Production of Documents (set one) served on Defendants Martinez, Gomez, and Rios. (ECF No. 70.) Following the parties' meet and confer, the motion to compel is now limited to Requests for Production Nos. 1–2, 9–12. (ECF No. 72.) Plaintiff argues that the requested documents go to Defendants' history and practice of violence against other inmates, and contrary to Defendants' objections, he is only requesting information that is helpful and important to his case. Plaintiff alone will see or use these documents only for the case, and he will return them back to Defendants when the case is over. Plaintiff also seeks an order for Defendants to pay Plaintiff for expenses incurred in filing the motion to compel, arguing that Defendants' refusal to answer or produce the requested documents had no substantial justification. (ECF No. 70.)

In opposition, Defendants argue that Plaintiff failed to demonstrate that Defendants' objections and responses are inadequate. (ECF No. 74.) Specifically, Defendants raised legitimate security concerns, such as the official information privilege, and the possibility of harm arising from production is high compared to the potential utility for Plaintiff. Further, as to Request Nos. 11–12, the requested documents are public records equally available to Plaintiff, and Defendants nonetheless provided CourtLink records as a courtesy to Plaintiff. Finally, in the event any further production of privileged or confidential material is ordered, Defendants request that the Court first review the material *in camera* before determining whether such documents should be produced and whether they should be subject to a protective order. If the Court is inclined to order documents produced subject to a protective order, Defendants request that they be permitted to brief the Court regarding the terms of any such order. (*Id.*)

In reply, Plaintiff argues that even when defense counsel states that public records are available to Plaintiff, Plaintiff does not have the same access Defendants have to the same documents. (ECF No. 78.) Plaintiff also argues that because Defendants Martinez, Gomez, and Rios are the "main players" in this suit, their past history and acts are fair game for use as impeachment and Defendants can submit redacted versions of files or records to conceal names of Defendants and inmates while disclosing the acts of Defendants. Further, files are not privileged

2

if they remain in the confines of this case. Finally, Plaintiff attaches an exhibit that appears to be an offer of proof from Inmate Shadale L. Williams, indicating an intent to testify on behalf of Plaintiff in a state court action brought by the State of California against Plaintiff. (*Id.*)

### A.   Legal Standards

#### 1.   Motions to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

1  Actual possession, custody or control is not required. "A party may be ordered to produce
2  a document in the possession of a non-party entity if that party has a legal right to obtain the
3  document or has control over the entity [that] is in possession of the document." *Soto v. City of*
4  *Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at
5  *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control
6  if the party has actual possession, custody, or control thereof or the legal right to obtain the
7  property on demand.").

## 2.    Official Information Privilege

9  Federal common law recognizes a qualified privilege for official information. *Kerr v.*
10 *U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In determining what
11 level of protection should be afforded by this privilege, courts conduct a case-by-case balancing
12 analysis, in which the interests of the party seeking discovery are weighed against the interests of
13 the governmental entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 613–14
14 (N.D. Cal. 1995); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990);
15 *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller v. Pancucci*, 141 F.R.D.
16 292, 300 (C.D. Cal. 1992); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230–31 (S.D. Cal.
17 1993).

18 However, before a court will engage in this balancing of interests, the party asserting the
19 privilege must properly invoke the privilege by making a "substantial threshold showing." *Kelly*,
20 114 F.R.D. at 669. To make a substantial threshold showing of a qualified privilege, a "party
21 must submit, at the time it files and serves its response to the discovery request, a declaration or
22 affidavit, under oath and penalty of perjury, from a responsible official within the agency who has
23 personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id.*
24 The affidavit must include: "(1) an affirmation that the agency generated or collected the material
25 in issue and has maintained its confidentiality; (2) a statement that the official has personally
26 reviewed the material in question; (3) a specific identification of the governmental or privacy
27 interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a
28 description of how disclosure subject to a carefully crafted protective order would create a

4

1  substantial risk of harm to significant governmental or privacy interests, and (5) a projection of
2  how much harm would be done to the threatened interests if disclosure were made." *Id.* at 670;
3  *see also Chism v. Cty. of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994); *Hampton*, 147
4  F.R.D. at 230–31; *Miller*, 141 F.R.D. at 301.  A strong affidavit would also describe how the
5  plaintiff could acquire information of equivalent value from other sources without undue
6  economic burden.  *Kelly*, 114 F.R.D. at 670.

7  If the court concludes that a defendant's submissions are not sufficient to meet the
8  threshold burden, it will order disclosure of the documents in issue.  If a defendant meets the
9  threshold requirements, and Plaintiff has made the required showing in the motion to compel, the
10 court will order an *in camera* review of the material and balance each party's interests.  *See id.* at
11 671; *Chism*, 159 F.R.D. at 533–34; *Hampton*, 147 F.R.D. at 231; *Miller*, 141 F.R.D. at 301.

12 However, before the Court orders disclosure or an *in camera* review, the burden shifts to
13 Plaintiff to prove: (1) how the requested information is relevant to the litigation or is reasonably
14 calculated to lead to the discovery of admissible evidence; (2) the interest that would be harmed if
15 the material were not disclosed; and (3) how that harm would occur and how extensive it would
16 be.  *Kelly*, 114 F.R.D. at 670–71.

17 **B.   Discussion**

18 **1.   Defendants Have Made a Threshold Showing that the Official
19       Information Privilege Applies**

20 Defendants raise the official information privilege in response to all of the PODs at issue.
21 Defendants submit the declaration of B. Hancock, Correctional Counselor II and Litigation
22 Coordinator at Kern Valley State Prison, together with a privilege log, in support of the assertion
23 of official information privilege. (ECF No. 74-1, pp. 41–53.)  Hancock declares that they are
24 familiar with CDCR policies and procedures regarding confidential documents and the numerous
25 risks associated with disclosing confidential information to inmates.  (*Id.* at 49–50.)  This
26 declaration meets the "substantial threshold showing" required to invoke the official information
27 privilege.  *Kelly*, 114 F.R.D. at 669.
28 First, the declaration affirms "that the agency generated or collected the material in issue,"

5

1 *id.* at 670, and states that Hancock "reviewed the documents listed on Defendants Martinez, Rios, and Gomez's 'Responses to Plaintiff's Requests for Production of Documents (Set One),'" (ECF No. 74-1, p. 50). This satisfies the first and second *Kelly* requirements.

Hancock then declares that Plaintiff's requests would include confidential appeal inquiries, use-of-force critiques, and documents contained in Defendants' personnel files, and disclosure of these documents would invade third-party inmates' privacy rights, potentially deterring inmates from filing inmate appeals or speaking candidly to investigators during use-of-force reviews. (ECF No. 74-1, pp. 50–51.) Confidential appeal inquiries, use-of-force critiques, and documents contained in personnel files also include personal information of the staff members, and there is a danger that such personal information may be used by some inmates to cause harm to staff members, their families, or their property. Thus, disclosure would make it more difficult for CDCR to recruit and retain qualified staff, and would undermine the authority of correctional staff and interfere with their ability to do their jobs. (*Id.* at 52.) Furthermore, inmates who obtain confidential information are at risk from other inmates who may use force to obtain it, endangering the security of correctional facilities and the safety of other inmates and staff. (*Id.*) This satisfies the third and fifth *Kelly* requirements.

In conjunction with the attached privilege log (which includes POD Nos. 1–7 and 9), Hancock declares that disclosure of the confidential documents sought by Plaintiff, even subject to a protective order, would be inadequate to ensure the safety and security of CDCR's institutions. (*Id.* at 53.) The declaration does not contain a "description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests," *Kelly*, 114 F.R.D. at 670, a discussion of whether redactions of private information about Defendants or third-parties would be sufficient to alleviate security concerns, or whether certain documents could be disclosed subject to redactions even if other documents cannot be disclosed at all. Nevertheless, Hancock declares that even if Plaintiff is subject to a protective order, his personal property could be accessed by a cellmate and distributed to other inmates. (ECF No. 74-1, p. 53.) Thus, Plaintiff may be unable to obey the provisions of a protective order without placing his own safety or the security of the institution at

risk, despite his assertions to the contrary, due to the confidential nature of the documents and his particular situation. The Court notes that given the nature of custodial confinement and the overreaching nature of the requested documents, risks are inherent for disclosing witnesses, addresses, even with a protective order. A protective order may not protect against disclosure of confidential nature of the documents and the risk of violence should the information be disclosed. Therefore, Defendants have satisfied the fourth *Kelly* requirement.

Accordingly, the Court finds that Defendants have made the required substantial threshold showing as to each of the PODs at issue. However, before the Court orders an *in camera* review, Plaintiff must prove: (1) how the requested information is relevant to the litigation or is reasonably calculated to lead to the discovery of admissible evidence; (2) the interest that would be harmed if the material were not disclosed; and (3) how that harm would occur and how extensive it would be. *Kelly*, 114 F.R.D. at 670–71. As discussed below, the Court finds that Plaintiff has not met this burden with respect to any of the PODs at issue, and even if Defendants had not met the requirements to assert the official information privilege, disclosure would not be appropriate.

### 2.   Requests for Production of Documents ("POD") Nos. 1–2, 9–12[1]

POD No. 1:

Any and all grievances, staff complaints or other Documents received by Prison Staff against Defendants D. Martinez, G. Gomez, and/or B. Rios, concerning mistreatment of inmates or use of force.

Response to POD No. 1:

Defendant objects to this request on the grounds that it is compound; seeks inadmissible character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of this case. Defendant further objects that it calls for confidential documents and/or documents contained in Defendant's personnel files, such documents are protected by the official information privilege and California

---

[1] As Plaintiff served nearly identical requests for POD Nos. 1–2 and 9–12 on each of Defendants Martinez, Gomez, and Rios, and each defendant provided nearly identical responses to the same, for the sake of brevity the Court reproduces the requests and corresponding responses only once, in a consolidated format.

Evidence Code section 1040 and calls for confidential documents, the disclosure of which would violate the privacy of third-party inmates. Without waiving the objections, Defendant produces an IATS report for staff complaints submitted against Defendant Martinez, Gomez, and/or Rios with third-party personal identification information redacted.

Ruling on POD No. 1:

Plaintiff's request is overly broad, geared towards obtaining inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). By Plaintiff's own admission, POD No. 1 seeks Defendants' "past history and acts" regarding "any mistreatment or use of force." (ECF No. 78, pp. 2–3.) Defendants' objection to POD No. 1 is sustained.

POD No. 2:

Any and all Memoranda, investigative files, or other documents created in response to such Complaints since Jan. 1, 2013 By KVSP Staff about use of force.

Response to POD No. 2:

Defendant objects to this request on the grounds that it is compound; seeks inadmissible character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of this case. Defendant further objects that it calls for confidential documents and/or documents contained in Defendant's personnel files, such documents are protected by the official information privilege and California Evidence Code section 1040 and calls for confidential documents, the disclosure of which would violate the privacy of third-party inmates.

Ruling on POD No. 2:

Plaintiff's request is overly broad, geared towards obtaining inadmissible character evidence, and not proportional to the needs of his case. Generally, evidence of a person's

8

character is not admissible to prove they acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(a). It is well established that blanket requests for all grievances against defendants in order to establish a pattern of misconduct may be considered overbroad and burdensome. *Valenzuela v. Smith*, Case No. CIV S-04-0900 FCD DAD P, 2006 WL 403842, at *2 (E.D. Cal. Feb. 15, 2006). By Plaintiff's own admission, POD No. 2 seeks information "to establish a culture of Kern Valley's enabling and support of [enabling co-workers to get away with violations]." (ECF No. 78, p. 3.) Defendants' objection to POD No. 2 is sustained.

POD No. 9:

Any and all documents, including but not limited to use of force reports Created by KVSP Staff members or any other Department or Correction employee or official Concerning any use of force incident involving the Plaintiff on or about May 5, 2016 or any investigation or action Concerning this incident.

Response to POD No. 9:

Defendant objects to this request on the grounds that it is compound; seeks inadmissible character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of this case. Defendant further objects that it calls for confidential documents and/or documents contained in Defendant's personnel files, such documents are protected by the official information privilege and California Evidence Code section 1040 and calls for confidential documents, the disclosure of which would violate the privacy of third-party inmates. Without waiving the objections, Defendant produces copies of the incident reports, photographs, and video and audio interviews of Plaintiff for the May 5, 2016 incident. However, after a diligent search, Defendant has no use of force interviews video of Defendants in his custody or control.

Ruling on POD No. 9:

The Court cannot compel a party to produce documents that do not exist, and Defendants have produced copies of the incident reports, photographs, and video and audio interviews of Plaintiff for the May 5, 2016 incident, and assert that they have no use of force interviews videos in their custody or control.

While Plaintiff may believe that there are more written reports in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that no further responsive documents exist. *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that her responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Plaintiff's motion to compel with respect to POD No. 9 is denied.

POD No. 10:

Any and all documents created by any KVSP Staff member or any other employee or official in response to a grievance filed by other victims of use of force, including Oscar Lopez CDC # K-18313, Tommy Mackey CDC #AI5375, Shadale Lewis Williams CDC # E-11488 and Jamanta T. Bowers CDC # AU2353.

Response to POD No. 10:

Defendant objects to this request on the grounds that it is compound; seeks inadmissible character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of this case. Defendant further objects that it calls for confidential documents and/or documents contained in Defendant's personnel files, such documents are protected by the official information privilege and California Evidence Code section 1040 and calls for confidential documents, the disclosure of which would violate the privacy of third-party inmates.

Ruling on POD No. 10:

Plaintiff's request is overly broad and not proportional to the needs of his case. While Plaintiff may have knowledge that other inmates were also victims of use of force and gotten their names, CDCR numbers, and agreement to testify in his case, this does not make documents related to grievances filed by these other inmates relevant to the claims at issue in this action. Furthermore, it is not clear that the requested documents relate to any defendant in this action. Defendants' objection to POD No. 10 is sustained.

POD No. 11:

Any and all Documents created, including but not limited to all pending use of force litigation involving Defendant D. Martinez, G. Gomez, and/or B. Rios.

Response to POD No. 11:

Defendant objects to this request on the grounds that it is compound; seeks inadmissible character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of this case. Defendant further objects that it calls for confidential documents and/or documents contained in Defendant's personnel files, such documents are protected by the official information privilege and California Evidence Code section 1040 and calls for confidential documents, the disclosure of which would violate the privacy of third-party inmates. Defendant further objects that "pending litigation" includes public records that are equally available to Plaintiff. Without waiving objections, Defendant produces a Court Link print out including public record of any and all civil rights lawsuits filed against Defendant Martinez, Gomez, and/or Rios.

Ruling on POD No. 11:

Plaintiff's request is overly broad, unduly burdensome, and not proportional to the needs of his case. The requested documents again seek inadmissible character evidence regarding events not at issue in this action, and to the extent they refer to matters of public record, those documents are equally available to Plaintiff. Although Plaintiff argues that his status as in indigent and *pro se* litigant place Defendants in a better position to gather these documents with a low burden, Plaintiff is not entitled to production of documents that are not otherwise in

11

1  Defendants' custody or control.  Defendants' objection to POD No. 11 is sustained.

2  POD No. 12:

3  Any and all Documents Created, including but not limited to all closed case concerning
4  use of force litigation involving Defendant D. Martinez, G. Gomez, and/or B. Rios.

5  Response to POD No. 12:

6  Defendant objects to this request on the grounds that it is compound; seeks inadmissible
7  character evidence; vague, ambiguous, overbroad, unduly burdensome, irrelevant to the claims
8  and defenses in this action, and not proportional to the needs of this case.  Defendant further
9  objects that it calls for confidential documents and/or documents contained in Defendant's
10 personnel files, such documents are protected by the official information privilege and California
11 Evidence Code section 1040 and calls for confidential documents, the disclosure of which would
12 violate the privacy of third-party inmates.  Defendant further objects because "all closed cases
13 concerning use of force litigation," includes public records, which are equally available to
14 Plaintiff.  Without waiving the objections, Defendant produces a Court Link print out including
15 public record of any and all civil rights lawsuits filed against Defendant Martinez, Gomez, and/or
16 Rios.

17 Ruling on POD No. 12:

18 Plaintiff's request is overly broad, unduly burdensome, and not proportional to the needs
19 of his case.  The requested documents again seek inadmissible character evidence regarding
20 events not at issue in this action, and to the extent they refer to matters of public record, those
21 documents are equally available to Plaintiff.  Although Plaintiff argues that his status as in
22 indigent and *pro se* litigant place Defendants in a better position to gather these documents with a
23 low burden, Plaintiff is not entitled to production of documents that are not otherwise in
24 Defendants' custody or control.  Defendants' objection to POD No. 12 is sustained.

25 ///
26 ///
27 ///
28 ///

**III.     Order**

Based on the foregoing, Plaintiff's motion to compel, (ECF No. 70), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2023**              /s/ *Barbara A. McAuliffe*              
                                                         UNITED STATES MAGISTRATE JUDGE