# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>GOMEZ, *et al.*,<br><br>          Defendants. | Case No. 1:17-cv-00294-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS ESPARZA AND DUNCAN'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 83)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Christopher Dickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Gomez, Rios, and Martinez for excessive force in violation of the Eighth Amendment and against Defendants Duncan and Esparza for violations of Plaintiff's Fourteenth Amendment due process rights.

Currently before the Court is Defendants Esparza and Duncan's motion for summary judgment, filed November 8, 2021, on the grounds that they did not violate Plaintiff's Fourteenth Amendment due process rights during the Rules Violation Report process for Plaintiff's RVR for battery on a peace officer at Kern Valley State Prison. (ECF No. 83.) Plaintiff filed an opposition, (ECF No. 88), and Defendants filed a reply, (ECF No. 89). The motion is fully briefed. Local Rule 230(l).

For the reasons set forth below, the Court recommends that Defendants' motion for summary judgment be granted.

1

## II. Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S.

at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III. Discussion

#### A. Undisputed Material Facts ("UMF")[1]

1. On May 17, 2016, CDCR issued Plaintiff notice of a Rules Violation Report (RVR), which informed him of the charge of battery on a peace officer on May 5, 2016, and the hearing date of June 10, 2016. (Duncan Decl. ¶ 3, Ex. A; Pl. Depo. 55:7–18.)

---

[1] *See* Defendants' Statement of Undisputed Material Facts. (ECF No. 83-3.) Plaintiff did not comply with the rules in preparing his opposition, including by failing to reproduce Defendant's Statement of Undisputed Facts and providing "a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support" of any disputed facts, or providing a statement of disputed facts. Local Rule 260(b). As a result, Defendants' Statement of Undisputed Material Facts is accepted except where brought into dispute by Plaintiff's verified second amended complaint, signed under penalty of perjury. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

In signing his opposition to the summary judgment motion, Plaintiff states: "I, the undersigned declare, attest, affirm that the fore going is true, correct and complete, not meant to mislead, so help me God. I also declare that the above mentioned is completely consistent within itself and with my understanding of the declaration of independence [1776] and the [C]onstitution for the United States of America." (ECF No. 88, pp. 7–8 (unedited text).) Notwithstanding this declaration, the opposition is not signed under penalty of perjury, and therefore cannot be used to dispute Defendants' Statement of Undisputed Material Facts. *See Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998).

Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

2. Defendant Duncan, a correctional lieutenant who was initially assigned as the Senior Hearing Officer ("SHO"), assigned Correctional Officer Duran as the investigative employee ("IE") in preparation for the RVR hearing. (Duncan Decl. ¶¶ 4–5, Ex. A; Pl. Depo. 59:5–19.)

3. Duran was responsible for acting as a fact-finder for Defendant Duncan, obtaining statements prior, and creating an IE report. (Duncan Decl. ¶¶ 4–5, Ex. A.)

4. According to the IE's report, Plaintiff did not make any statements or request any witnesses for the RVR hearing. (*Id.* ¶ 5, Ex. A.)

5. Plaintiff proposed twenty-four total questions, twelve identical questions for Defendants Gomez and Rios. (*Id.*)

6. These questions concerned the number of times that Defendants Gomez and Rios interacted with Plaintiff, how often Plaintiff was taken in and out of his cell, and the extent of force used on Plaintiff during the incident. (*Id.*; Pl. Depo. 62:3–21, 62:21–25, 66:1–5.)

7. However, none of these questions addressed Plaintiff's alleged battery on Defendant Gomez. (Duncan Decl. ¶ 5, Ex. A at 4–6.)

8. During the pre-hearing process, Defendant Duncan did allow Plaintiff to ask Defendants Gomez and Rios whether they knew that Plaintiff had suicidal ideations during the incident on May 5, 2016. (*Id.* ¶ 5, Ex. A.)

9. Defendant Duncan found the remainder of Plaintiff's questions irrelevant to the adjudication of the charge of battery on a peace officer and did not allow Plaintiff to ask those questions before the RVR hearing. (*Id.*)

10. Plaintiff proposed to ask eight questions of inmate Washington, three questions of inmate Garafolo, and two questions of a psychologist. (*Id.* ¶ 6, Ex. A at 4–6.)

11. However, during the pre-hearing process, Defendant Duncan also found the majority of Plaintiff's questions of those witnesses to be irrelevant to the adjudication of the charge of battery on a peace officer. (*Id.* ¶ 6, Ex. A.)

///

12. On June 10, 2016, Defendant Esparza was the SHO for Plaintiff's RVR hearing for battery on a peace officer. (Esparza Decl. ¶ 4, Ex. A; Pl. Depo. 63:1–8.)

13. At Plaintiff's RVR hearing, Defendant Esparza read the charges, reviewed the IE's report, the statements provided, and noted that Plaintiff did not request any witnesses before the hearing. (Esparza Decl. ¶¶ 4–5, Ex. A.)

14. Plaintiff declined to make a statement in his defense at the hearing, but informed Esparza that he was unable to question Defendants Officers Gomez and Rios. (*Id.* ¶¶ 4–5, Ex. A, p. 9; Pl. Depo. 63:18–25, 64:1–16.)

15. After reviewing Plaintiff's proposed questions, Defendant Esparza determined that they were not relevant to the charge of battery on a peace officer. (Esparza Decl. ¶¶ 4–5.)

16. Defendant Esparza reviewed the evidence of battery on a peace officer including staff incident reports that Plaintiff kicked Defendant Gomez in the leg during the incident on May 5, 2016. (*Id.* ¶¶ 4–5, Ex. A, pp. 9–10.)

17. Based upon a preponderance of the evidence including the report that Plaintiff kicked Defendant Gomez, Defendant Esparza found Plaintiff guilty of battery on a peace officer. (*Id.*; Pl. Depo. 67:18–23.)

18. Following the RVR hearing, Defendant Esparza issued a written statement to Plaintiff which outlined the evidence relied upon and the reasons for the finding of guilt. (*Id.* ¶ 6, Ex. A, p. 10.)

19. If Plaintiff believed that Defendants Martinez, Gomez, or Rios engaged in misconduct or used excessive force during the incident, he could address those concerns separately by submitting a CDCR Form 602 staff complaint. (Duncan Decl. ¶ 5; Esparza Decl. ¶ 5.)

**B.     Fourteenth Amendment – Due Process**

   1.     Legal Standards

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process

5

1  Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

2  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

While allegations that prison officials refused to call a requested witness could potentially state a cognizable claim, *see Serrano v. Francis*, 345 F.3d 1071, 1079–80 (9th Cir. 2003), the right is not unlimited, *see Williams v. Thomas*, 492 F. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals. . . . Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify."). Hearing officers may also deny a requested witness on grounds other than institutional safety. *Wolff*, 418 U.S. at 566 (explaining that witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases").

In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." *Hill*, 472 U.S. at 455–56.

2. Parties' Positions

Defendants contend that it is undisputed that Plaintiff was provided with the minimum required procedural due process for his RVR hearings, and all five *Wolff* requirements were met. To the extent Defendants Duncan and Esparza refused to allow Plaintiff to ask his proposed questions to witnesses before or during the RVR hearing, those questions were found to be irrelevant to the disciplinary charge of battery on a peace officer, and Defendants' explanation of those findings is all that the Constitution requires. To the extent Plaintiff claims that his substantive due process rights were violated, the RVR guilty finding was supported by "some evidence" as required by *Hill*.

In opposition, Plaintiff argues that two of the five *Wolff* factors were not met, because he did not receive the right to call witnesses and he did not have a fair and impartial decision-maker at his RVR hearing. Plaintiff states that he asked IE Duran about witnesses at the hearing, and was informed that because Plaintiff was in Ad-Seg, they would not bring the witnesses to Ad-Seg for the hearing, but because Plaintiff submitted questions for the witnesses, they would all be answered and witnesses would not be needed or necessary. Plaintiff did not ask any of the witnesses whether Plaintiff ever kicked or hit Defendant Gomez because the defendants had already lied on their report. Plaintiff's question for Inmate Washington, "Did you see inmate Dickson kick any of the correctional officers?" had a firsthand account of the incident but was deemed irrelevant by Defendant Duncan. Finally, Plaintiff argues that he made a statement during the hearing, pled not guilty, and stated that he was attacked and did not kick Defendant Gomez.

In reply, Defendants reiterate that they provided the minimum procedural due process required by *Wolff*, and Defendants' refusal to allow Plaintiff to ask his proposed questions to witnesses before or during the RVR hearing did not violate Plaintiff's due process rights because those questions were irrelevant to the disciplinary charge, which was explained to Plaintiff. In addition, Plaintiff does not specifically respond to Defendants' argument regarding substantive due process, and has therefore abandoned the claim. Even if the claim were not abandoned, Defendants are entitled to summary judgment because Plaintiff did not demonstrate a genuine

7

dispute of material fact that there was "some evidence" to support Plaintiff's RVR conviction.

### 3. Analysis

The parties do not dispute that Plaintiff was provided written notice of the disciplinary charges at least 24 hours before his RVR hearing and a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action, or that Plaintiff required legal assistance beyond IE Duran. The only remaining issues are whether Plaintiff was afforded the right to call witnesses in his defense, and whether Plaintiff had a fair and impartial decision-maker at the hearing.

With respect to the requirement for a fair and impartial decision-maker, Plaintiff has provided only his own arguments to support that either Defendant Duncan or Esparza was not an impartial decision-maker. Plaintiff argues only that because both Defendants found the majority of Plaintiff's proposed questions for witnesses to be irrelevant to the disciplinary charge, they were biased and never intended to give him a fair hearing. Plaintiff's arguments, unsupported by any evidence in the record, are not sufficient to create a material dispute of fact as to whether Defendant Duncan or Esparza was not a fair or impartial decision-maker. *See Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment.").

As to Plaintiff's right to call witnesses, it is undisputed that Plaintiff did not request the testimony of any witnesses at the RVR hearing. UMF Nos. 4, 13. While Plaintiff may have been incorrectly informed by IE Duran that witnesses would not be needed or necessary at the hearing in light of Plaintiff's submission of questions, it remains undisputed that Plaintiff did not request the presence of any witnesses at the hearing. (*See* ECF No. 88, p. 2.) Accordingly, Defendants did not refuse to call any requested witnesses.

Moreover, the right to call witnesses is not unlimited, and requested witnesses—including requested witness questions—may be denied on grounds other than institutional safety. *See Wolff*, 418 U.S. at 566. Similarly, hearing officers may deny requests for witnesses or questions for other reasons, including "irrelevance." *See id.* It is undisputed that Defendants explained that the specific questions were found to be not relevant to the disciplinary charge at issue. UMF Nos.

9, 11, 15, 18.  That explanation satisfied the requirements of due process.  *See Williams*, 492 F. App'x at 733 ("Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify.").  Even the refusal to ask Plaintiff's question to Inmate Washington, "Did you see Inmate Dickson kick any of the Correctional Officers?", which Plaintiff argues would have provided a firsthand account of the incident at issue, does not demonstrate a violation of Plaintiff's due process rights.  While Plaintiff argues that permitting Inmate Washington to answer this question would have provided a firsthand account of the incident at issue, Defendants contend that there are no other questions that would have established that Inmate Washington was in a position to see whether Plaintiff kicked any correctional officers during the entirety of the incident, and that Inmate Washington's declarations asserting that he saw officers using force on Plaintiff are not relevant to whether Plaintiff was guilty of the charge of battery of a peace officer.  The Court agrees that while Inmate Washington's declarations may create a dispute of fact as to whether excessive force was used on Plaintiff (not at issue in the instant summary judgment), this evidence does nothing to create a dispute of fact as to whether due process was provided during Plaintiff's RVR hearing.  Plaintiff's mere disagreement with Defendants' finding that the majority of his witness questions were not relevant to the disciplinary charge, without more, is not sufficient to create a dispute of material fact.

Finally, the Court agrees that Plaintiff has apparently abandoned any claim regarding substantive due process.  However, even if the claim were not abandoned, it is undisputed that the RVR findings were based on "some evidence," including Defendant Gomez's incident report and a lack of evidence to exonerate Plaintiff.  Although Plaintiff states in his opposition brief that he did make a statement that he was attacked and did not kick Defendant Gomez, the opposition is not signed under penalty of perjury and therefore is not sufficient to create a dispute of fact.  (ECF No. 88, p. 4.)  Plaintiff does not claim that he made any such statement in his second amended complaint, which is signed under penalty of perjury.  (*See* ECF No. 22.)  Thus, summary judgment is appropriate as to any substantive due process claim.

///

///

**IV.     Conclusion and Recommendations**

For the reasons explained above, the Court finds that Defendants Duncan and Esparza are entitled to summary judgment as to Plaintiff's Fourteenth Amendment due process claims, and Defendants Duncan and Esparza should be dismissed from this action.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Defendants Duncan and Esparza's motion for summary judgment, (ECF No. 83), be granted;
2. Defendants Duncan and Esparza be dismissed from this action; and
3. This action proceed on Plaintiff's second amended complaint against Defendants Gomez, Rios, and Martinez for excessive force in violation of the Eighth Amendment.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 26, 2023**              /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE